

**ORDERED** in the Southern District of Florida on Dec. 27, 2018

Laurel Myerson Isicoff, Chief Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| *In re* | Case No.: 16-17186-BKC-LMI |
| PCH COMMUNICATIONS, LLC, | Chapter 7 |
| Debtor._____/ | |
| JACQUELINE CALDERIN, Chapter 7 Trustee, | Adv. Case No.: 18-01246-LMI |
| Plaintiff, | |
| vs. | |
| BRIAN CUNNINGHAM, | |
| Defendant._____/ | |

**FINAL JUDGMENT AVOIDING AND RECOVERING**
**TRANSFER AND AWARDING REQUEST FOR COSTS**

THIS CAUSE came before the Court for hearing on Monday, December 3, 2018 at 2:00 p.m. (the "Hearing") upon the *Plaintiff's Verified Motion for Clerk's Entry of Default Final Judgment Against Defendant* [ECF# 11] (the "Motion"), filed by Plaintiff, Jacqueline Calderin, as Chapter 7 Trustee (the "Plaintiff") of the bankruptcy estate of PCH Communications, LLC (the "Debtor"), and it appearing from the record of this adversary proceeding that a default (the "Default") was entered by the Clerk against the Defendant, Brian Cunningham (the "Defendant"), which this Court reaffirms as meeting the requirements established by law and by

the rules of this Court, and it appearing that the Default was entered due to the Defendant's failure to respond to or answer the Complaint[1] [ECF #1] as required by Bankruptcy Rule 7012, and all allegations of the Complaint are therefore deemed admitted, and pursuant to Bankruptcy Rule 7055, the Plaintiff is entitled to the entry of a default final judgment in her favor and against the Defendant as a matter of law on all counts in the Complaint, and proper notice having been provided, the Court having reviewed the Motion and the file, and it appearing to the Court that judgment should be entered against the Defendant, and for the reasons stated on the record at the Hearing

**FINAL JUDGMENT** is entered as follows:

1. Final judgment is entered in favor of the Plaintiff and against the Defendant on **Count I** of the Complaint. The Debtor's pre-petition transfers in the aggregate amount of $88,801.58 to the Defendant (the "Transfers") are (i) constructive fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code, and (ii) avoided as constructive fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

2. Final judgment is entered in favor of the Plaintiff and against the Defendant on **Count II** of the Complaint. The Debtor's Transfers to the Defendant are (i) constructive fraudulent transfers pursuant to section 544 of the Bankruptcy Code and Florida Statute § 726.105(1)(B), and (ii) avoided as constructive fraudulent transfers pursuant to section 544 of the Bankruptcy Code and Florida Statute § 726.105(1)(B).

3. Final judgment is entered in favor of the Plaintiff and against the Defendant on **Count III** of the Complaint. The Defendant is the initial transferee of the Transfers under section 550(a)(1) of the Bankruptcy Code from whom the Trustee may recover the Transfers, or the value thereof, on behalf of the Debtor's bankruptcy estate. The Defendant shall turn over to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Trustee $88,801.58, pursuant to section 550(a) of the Bankruptcy Code, plus post-judgment interest pursuant to Florida Statute § 55.03.

4. Pursuant to Rule 1.560(b) of the Florida Rules of Civil Procedure, as made applicable by Rule 69(a) of the Federal Rules of Civil Procedure, the Defendant shall complete under oath Florida Rule of Civil Procedure Form 1.977 Fact Information Sheet, including all required attachments, and serve it on Plaintiff's counsel at Agentis PLLC, c/o Nicole Grimal Helmstetter, Esq., 55 Alhambra Plaza, Suite 800, Coral Gables, Florida 33134, within 45 days from the date of the entry of this judgment, unless this judgment is satisfied or post-judgment discovery is stayed.

5. The Plaintiff shall recover from the Defendant costs in the amount of $350.00, for which sum let execution issue forthwith.

6. In accordance with Section 55.01(2) of the Florida Statutes, the Defendant's last known address is:

    Brian Cunningham                               Brian Cunningham
    8103 Hamlin Ave.                                   7337 S South Shore Dr.
    Skokie, IL 60076                                    Chicago, IL 60649

7. The Court further reserves jurisdiction over this cause and the parties hereto to award the Plaintiff her reasonable attorneys' fees and costs incurred in enforcing this default final judgment, but only to the extent allowed by applicable law.

### #

Nicole Grimal Helmstetter, Esq.
ngh@agentislaw.com
AGENTIS PLLC
*Counsel to Plaintiff*
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

Copy furnished to: Attorney Helmstetter, who is directed to serve a conformed copy herein upon all interested parties.

3